NOT FOR PUBLICATION                                           (Docket No. 8)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

_____
                                        :
NICOLE M. DELALLA, et al.,              :
                                        :
            Plaintiffs,              :   Civil No. 09-2340 (RBK/JS)
                                        :
            v.                       :   **OPINION**
                                        :
HANOVER INSURANCE, et al.,              :
                                        :
            Defendants.              :
_____  :

**KUGLER**, United States District Judge:

       This case, having been removed from the Superior Court of New Jersey by Defendants Conner, Weber & Oberlies, Attorneys at Law and Joseph Oberlies (collectively, "CWO Defendants"), comes before the Court on a motion by Plaintiffs Nicole M. Delalla and NMD Marketing, Inc. (collectively, "Plaintiffs") to remand.  Plaintiffs' sole argument in support of the motion is that removal was improper because it was untimely pursuant to 28 U.S.C. § 1446(b). For the reasons set forth below, Plaintiffs' motion to remand will be denied.

**I.     BACKGROUND**

       For present purposes, the facts of this case are straightforward and undisputed.  On March 30, 2009, Plaintiffs filed a complaint against the CWO Defendants and Hanover Insurance in the Superior Court of New Jersey sounding in contract and legal malpractice.  On April 14, 2009, Defendant Hanover Insurance ("Hanover") was served with process.  Subsequently, on April 23,

1

2009, the CWO Defendants were served. Following service of process, Hanover did not file a notice of removal. With Hanover's consent,[1] however, the CWO Defendants did file a notice of removal on May 15, 2009 on the basis of diversity of citizenship. On May 22, 2009 Plaintiffs filed the instant motion to remand.

## II.  STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court. To defeat a plaintiff's motion to remand, the defendant bears the burden of showing that the federal court has jurisdiction to hear the case. Abels v. State Farm Fire & Cas. Co., 770 F.2d 26, 29 (3d Cir. 1995) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)). Generally, where the decision to remand is a close one, district courts are encouraged to err on the side of remanding the case back to state court. See Abels, 770 F.2d at 29 ("Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand.").

## III.  DISCUSSION

Plaintiffs' sole argument in support of remand is that the CWO Defendants' notice of removal was untimely filed.

Removal is governed by the statutory time limits codified at 28 U.S.C. § 1446(b)

---

[1] Hanover's consent was filed with the notice of removal on May 15, 2009 and filed separately on May 18, 2009.

("Section 1446(b)").² To be considered timely, a notice of removal must be filed within thirty days of service of process. 28 U.S.C. § 1446(b) (2006). In cases involving only a single defendant, the Supreme Court has clarified that the defendant's thirty-day period does not begin until he or she is served with both summons and complaint; mere service of complaint will not do. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999). Multiple defendant litigation, however, adds a wrinkle to the application of this otherwise straightforward rule where, as here, plaintiffs stagger proper service of individual defendants. In such cases, the question becomes whether the thirty-day period begins to run for all defendants upon service of the first (the so-called "first-served defendant rule") or from the time the subsequently-served defendant seeking to remove the action is served (the so-called "later-served defendant rule").

Plaintiffs urge the Court to adopt the first-served defendant rule as application of this rule closes the CWO Defendants' removal window on May 14, 2009 – a day before the CWO Defendants filed for removal. Not unsurprisingly, the CWO Defendants urge adoption of the later-served defendant rule as application of that rule holds the window open until May 23, 2009, thereby rendering the CWO Defendants' notice timely.

By its own terms, Section 1446(b) speaks only to receipt of process by a singular

---

² Title 28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"defendant," and as such, does not answer the question of how to calculate the removal timeframe when multiple defendants are served at different times. See Paradise Motors, Inc. v. Toyota De Puerto Rico Corp., 249 F. Supp. 2d 698, 700 (D.V.I. 2003). Neither the Supreme Court nor the Third Circuit has directly addressed the issue; whereas, the Courts of Appeal that have considered it are split. Compare Demco, Inc. v. Employers Cas. Co., 792 F.2d 478 (5th Cir. 1986) (adopting first-served defendant rule), with Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202 (11th Cir. 2008) (adopting later-served defendant rule); Marano Enters. of Kansas v. Z-Teca Rests., L.P., 254 F.3d 753 (8th Cir. 2001) (same); and Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527 (6th Cir. 1999) (same).

      Historically, courts applying the first-served defendant rule occupied the majority position. Liberty Mut. Ins. Co. v. Bayer Corp., No. 02-343, 2002 WL 1467331, at *2 (D. Del. July 8, 2002) (mem.). These courts begin with the premise that first-served defendants who fail to remove within thirty days of being properly served have waived their removal rights, and proceed to reason that such a waiver renders first-served defendants incapable of consenting to a subsequently-served defendant's removal petition. E.g., Demco, Inc., 792 F.2d at 481-82. Thus, because it is well settled that removal generally requires unanimity among defendants, see, e.g., Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985), later-served defendants must remove within the first-served defendant's thirty-day period, or not at all. See Demco, Inc., 792 F.2d at 482 ("The rule follows logically from the unanimity requirement, the thirty-day time limit, and the fact that a defendant may waive removal by proceeding in state court.").

      The last decade has seen a growing number of courts adopt the later-served defendant

rule.[3]  See Liberty Mut. Ins. Co., 2002 WL 1467331, at *2.  As a matter of statutory construction, these courts reason that adoption of the first-served defendant rule would require them to interpolate the word "first" before the word "defendant" in the text of Section 1446(b), which they are loathe to do.  E.g., Brierly, 184 F.3d at 533.  As a matter of equity, these courts reason that the last-served defendant rule avoids a situation whereby later-served defendants are forced to sacrifice their removal right, through no fault of their own.  E.g., Bailey, 536 F.3d at 1206.

Here, Plaintiffs' argument centers on the proposition that the first-served defendant rule comports with the Supreme Court's longstanding caution against liberal construction of Section 1446(b).

In Shamrock Oil & Gas Corp. v. Sheets, the Supreme Court had occasion to interpret the applicability of the removal statute to a state court party who, although nominally the plaintiff, purported to be a defendant, in substance, by virtue of having a counterclaim asserted against it.  313 U.S. 100 (1941).  Interpreting the removal statute as failing to authorize removal by such "defendants," the Supreme Court cautioned that "[n]ot only does the language of the [removal statute] evidence the congressional purpose to restrict the jurisdiction of the federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation."  Id. at 108.  In accordance with that guidance, courts in this Circuit have, in the past, interpreted Section 1446(b) to require adoption of the first-served defendant rule.  See, e.g., Greensmith Co. v. Com Sys., Inc., 796 F. Supp. 812, 814 (D.N.J. 1992); Balestrieri v. Bell Asbestos Mines, 544 F. Supp. 528, 530 (E.D.

---

[3] Apparently, the later-served defendant rule is also the majority position taken by district courts in this Circuit.  See K.S. v. Sch. Dist. of Phila., No. 05-4916, 2005 WL 3150253, at *3 (E.D. Pa. Nov. 22, 2005).

Pa. 1982).

Roughly a decade ago, however, the Supreme Court's decision in <u>Murphy Brothers Inc. v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344 (1999) appears to have caused courts interpreting this issue to assign less weight to narrow construction principles and greater weight to the importance of service of summons to the initiation of the litigation process.  See, e.g., <u>Bailey</u>, 536 F.3d at 1207-08 ("[W]e agree with the Eight Circuit in <u>Marano</u> that the Supreme Court's decision in <u>Murphy Brothers</u> supports endorsing the last-served rule."); <u>Orlick v. J.D. Carton & Sons, Inc.</u>, 144 F. Supp. 2d 337, 343 (D.N.J. 2001) ("In light of the Supreme Court's holding in <u>Murphy Brothers</u>, however, it is counter-intuitive to maintain a 'first-served defendant' rule when the Supreme Court would not – consistent with <u>Murphy Brothers</u> – begin to run a later-served defendant's time to seek removal until that defendant received proper service of process.").

In <u>Murphy Brothers</u>, the Supreme Court held that Section 1446(b)'s requirement that a defendant file for removal "within thirty days after the receipt by the defendant, <u>through process, or otherwise</u>, of a copy of the complaint" requires defendants to be officially summoned before the time to remove begins to run, and that the clock may not start earlier upon receipt of a "courtesy copy" of the complaint.  526 U.S. at 347-48 (citing 28 U.S.C. § 1446(b)).  The Supreme Court read Section 1446(b) "in light of a bedrock principle: An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process."  <u>Id.</u> at 347.  The court noted that "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons . . . ."  <u>Id.</u> at 350.  With these principles in mind, the Court concluded that "[n]othing in the legislative history of the [removal statute] so much as hints that Congress . . . intended to

6

dispense with the historic function of service of process as the official trigger for responsive action by an individual or entity named defendant." Id. at 353.

Having surveyed the applicable legal landscape, the Court concludes that Section 1446(b) is best interpreted as providing a later-served defendant with a full thirty days from his or her receipt of proper service of process with which to remove.  The Court is mindful that the language of Section 1446(b) alone neither compels the conclusion reached here, nor the contrary result Plaintiffs urge.  Indeed, simply because a first-served defendant has forfeited his right to remove, it does not necessarily follow that such a defendant has also forfeitted his right to consent to another defendant's removal attempt.  See Bailey, 536 F.3d at 1207 ("The unanimity rule alone does not command that a first-served defendant's failure to seek removal necessarily waives an unserved defendant's right to seek removal; it only requires that the later-served defendant receive the consent of all then-served defendants at the time he files his notice of removal.").  In light of the Supreme Court's decision in Murphy Brothers, however, the Court is hesitant to ascribe to Congress an intent to use Section 1446(b) as a vehicle to "dispense with the historic function of service of process as the official trigger for responsive action," Murphy Bros., 526 U.S. at 353, by diluting, or erasing entirely, the removal rights of later-served defendants who failed to act before being legally required to do so.

Applying the later-served defendant rule to the facts of this case defeats Plaintiffs' motion to remand.  The CWO Defendants were served with summons on April 23, 2009.  The CWO Defendants filed a notice of removal on May 15, 2009.  Thus, the CWO Defendants' notice of removal was filed well within the thirty-day removal period provided by Section 1446(b).

## IV. CONCLUSION

       For the foregoing reasons, Plaintiffs' motion to remand is denied. An accompanying Order shall issue today.

Dated: 10-16-2009                                             /s/ Robert B. Kugler
                                                                                    ROBERT B. KUGLER
                                                                                    United States District Judge