NOT FOR PUBLICATION (Docket No. 30)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

NICOLE M. DELALLA, et al.,

Plaintiffs,

v.

HANOVER INSURANCE, et al.,

Defendants.

Civil No. 09-2340 (RBK/JS)

**OPINION**

**KUGLER**, United States District Judge:

This matter comes before the Court on a motion by Plaintiffs Nicole M. Delalla and NMD Marketing, Inc. ("Plaintiffs") for reconsideration of this Court's Opinion and Order of October 16, 2009, whereby the Court denied Plaintiffs' motion to remand. In the alternative, Plaintiffs move for interlocutory appeal certification. For the reasons that follow, Plaintiffs' motions will be denied.

## I. BACKGROUND

Plaintiffs filed a Complaint against Defendants Conner, Weber & Oberlies, Attorneys at Law and Joseph Oberlies (collectively, "CWO Defendants") as well as Hanover Insurance ("Hanover") on March 30, 2009 in the Superior Court of New Jersey sounding in contract and legal malpractice. Plaintiffs staggered service of process, serving Hanover on April 14, 2009 and

the CWO Defendants on April 23, 2009. Following service of process, Hanover did not file a notice of removal. With Hanover's consent, however, the CWO Defendants filed a notice of removal on May 15, 2009 on the basis of diversity of citizenship.

On May 22, 2009, Plaintiffs moved to remand the action to state court, arguing that the CWO Defendants' notice of removal was untimely filed. Specifically, Plaintiffs argued that the thirty-day removal window provided by 28 U.S.C. § 1446(b) began to run from the time the first Defendant – in this case Hanover – was served. The Court disagreed with Plaintiffs' position, instead interpreting 28 U.S.C. § 1446(b) as providing a subsequently served defendant a full thirty days to remove after being served with process.

On October 23, 2009, Plaintiffs filed the instant motion for reconsideration, or in the alternative, for a certificate of interlocutory appealability.

## II. STANDARD

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Church & Dwight Co. v. Abbott Labs., 545 F. Supp. 2d 447, 449 (D.N.J. 2008). This rule "permits a party to seek reconsideration by the Court of matters 'which [it] believes the Court has overlooked' when it ruled on a motion." NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 515 (D.N.J. 1996) (quoting local rule); see also United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (noting that party seeking reconsideration must show "that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision"). "The standard of review involved in a motion for [reconsideration] is quite high, and therefore relief under this rule is granted very sparingly." United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994) (citing Maldonado v. Lucca, 636 F.

Supp. 621, 630 (D.N.J. 1986)). In order to prevail, the party moving for reconsideration must "show[] at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [ruled on] the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Rule 7.1(i) does not allow parties to restate arguments which the court has already considered. See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990). "A motion that merely raises a disagreement with the Court's initial decision is not an appropriate reconsideration motion, but should be dealt with in the normal appellate process." Church & Dwight Co., 545 F. Supp. 2d at 450 (citing Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)).

## III. DISCUSSION

### A. Motion for Reconsideration

Plaintiffs argue that the Court erroneously interpreted 28 U.S.C. § 1446(b) as providing the CWO Defendants with thirty days from the day they were served to file for removal.

Removal is governed by the statutory time limits codified at 28 U.S.C. § 1446(b). To be considered timely, a notice of removal must be filed within thirty days of service of process. 28 U.S.C. § 1446(b) (2006). By its own terms, Section 1446(b) speaks only to receipt of process by a singular "defendant," and as such, does not answer the question of how to calculate the removal timeframe when multiple defendant are served at different times. See Paradise Motors, Inc. v. Toyota De Puerto Rico Corp., 249 F. Supp. 2d 698, 700 (D.V.I. 2003). In such cases, the question becomes whether the thirty-day period begins to run for all defendants upon service of

the first (the so-called "first-served defendant rule") or from the time the subsequently-served defendant seeking to remove the action is served (the so-called "later-served defendant rule").

Plaintiffs argue that the Court should have adopted the first-served defendant rule by arguing that a first-served defendant's failure to remove within thirty days from service of process functions as a waiver of its right to consent to removal by a subsequently-served defendant. Plaintiffs insist that the first-served defendant rule more closely comports with the long-standing principle, established in Shamrock Oil and Gas Corp. v. Sheets, 313 U.S. 100 (1941), that courts should strictly construe removal statutes against the right of removal. Finally, Plaintiffs contend that the first-served defendant rule serves the public policy of quickly determining where an action is to be litigated and minimizing forum shopping.

These arguments are insufficient to justify reconsideration because the Court has already fully considered and rejected them in its previous decision. As the Court noted, "simply because a first-served defendant has forfeited his right to remove, it does not necessarily follow that such a defendant has also forfeited his right to consent to another defendant's removal attempt." Delalla v. Hanover Ins., No. 09-2340, 2009 WL 3379915, at *4 (D.N.J. Oct. 16, 2009) (citing Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202, 1207 (11th Cir. 2008)). Although the Court recognized the strict construction concerns that traditionally informed removal statute interpretation, the Court was persuaded that the Supreme Court's more recent decision in Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 536 U.S. 344 (1999), counseled in favor of interpreting 28 U.S.C. § 1446(b) more liberally in situations such as these so as to avoid diluting the removal rights of subsequently-served defendants prior to the service of process. Delalla, 2009 WL 3379915, at *4. Finally, the Court was reticent to attach much weight to the

policy concerns of efficiency and fairness identified by Plaintiffs as neither the first-served nor the later-served defendant rule produces entirely satisfactory results in all cases. See Greensmith Co., Inc v. Com Sys., Inc., 796 F. Supp. 812, 814 (D.N.J. 1992).

It is clear that the Plaintiffs continue to disagree strongly with the legal position articulated by the Court's October 16, 2009 Opinion. That being said, there has been no intervening change in the law since the Court issued that Opinion,[1] and Plaintiffs do not point to any controlling legal authority that the Court overlooked or failed to fully consider. Essentially, Plaintiffs have simply re-hashed arguments already rejected by the Court. As noted, such argumentation is appropriately left to the normal appellate channels and does not justify reconsideration by the district court. See Church & Dwight Co., 545 F. Supp. 2d at 450. Accordingly, the Court will deny Plaintiffs' motion for reconsideration.

**B. Motion to Certify**

In the alternative, Plaintiffs ask the Court to certify its October 16, 2009 Order for interlocutory review by arguing that it is high-time the Third Circuit took a position on this issue.

A litigant may apply for interlocutory review of an otherwise non-appealable district court order pursuant to 28 U.S.C. § 1292(b) by asking the district court to certify its order to the

---

[1] Plaintiffs appear to suggest that the district court's decision in Granovsky v. Pfizer, Inc., 631 F. Supp. 2d 554 (D.N.J. 2009) constitutes an intervening change in the law sufficient to warrant reconsideration. A single decision rendered by a district court, however, does not change the law applicable to this case. Moreover, even if a single non-precedential decision could be said to somehow change the law for purposes of a motion for reconsideration, Granovsky does not do it. In Granovsky, both defendants were served with process on the same day. Accordingly, the Granovsky court was not called upon to consider the unique problems extant in the multiple defendant, staggered service context.

appropriate appellate court.[2] To obtain certification, a movant must show that there is (1) a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and that (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b); Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974). Interlocutory appeal is meant to be used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation. S.E.C. v. Lucent Technologies, Inc., No. 04-2315, 2009 WL 4508583, at *8 (D.N.J. Nov. 16, 2009); Hulmes v. Honda Motor Co., 936 F. Supp. 195, 208 (D.N.J. 1996) (citing 16 Charles A. Wright, et al., Federal Practice and Procedure, § 3929, at 134 (1977)). The district court may exercise considerable discretion in determining whether a particular order is appropriate for interlocutory review. See Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976); Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974) (en banc).

In this case, certification is inappropriate because Plaintiffs have failed to demonstrate that the Court's October Order generates substantial grounds for difference of opinion

A substantial ground for difference of opinion requires a "genuine doubt as to the correct legal standard." Lucent Tech., Inc., 2009 WL 4508583, at *8. In this respect, a party's argument that there exist numerous conflicting decisions on a particular legal point would go a long way towards establishing a substantial ground for difference of opinion. Id. "However, when there are not conflicting precedents that control, substantial grounds for a difference of opinion may

---

[2] If the district court certifies its order for interlocutory review, the litigant must apply for appellate review within ten days of the order's issuance. 28 U.S.C. § 1292(b). The court of appeal then has largely unfettered discretion to hear the appeal. See Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974) (observing that the appellate court's discretion to grant leave to appeal may be as broad as that of the Supreme Court on certiorari).

exist when the court is faced with issues of statutory interpretation that are somewhat novel and complex." New Jersey, Dept. of Treasury, Div. of Inv. v. Fuld, No. 09-1629, 2009 WL 2905432, at *2 (D.N.J. Sept. 8, 2009) (internal quotation marks omitted) (quoting Zenith Radio Corp. v. Matsushita Elec. Indus. Co., 494 F. Supp. 1190, 1243 (E.D. Pa. 1980)).

The Court is satisfied that any grounds for difference of opinion that may exist with respect to the Court's October Order are not substantial enough to warrant the extraordinary remedy of interlocutory certification. Although the Supreme Court and the Third Circuit have not directly addressed the issue, a majority of the courts of appeal have interpreted Section 1446(b) as providing for the later-served defendant rule. See, e.g., Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202 (11th Cir. 2008); Marano Enters. of Kansas v. Z-Teca Rests., L.P., 254 F.3d 753 (8th Cir. 2001); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527 (6th Cir. 1999). All three of these decisions were rendered after, and in light of, the Supreme Court's decision in Murphy Brothers. In contrast, the lone circuit decision endorsing the first-served defendant rule, Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986), was decided without the benefit of the Murphy Brothers guidance.[3] Finally, as the Court previously observed, the later-served defendant rule has enjoyed broad support amongst trial courts in this district post-Murphy Brothers. Delalla, 2009 WL 3379915, at *2 n.3 (citing K.S. v. Sch. Dist. of Phila., No. 05-4916, 2005 WL 3150253, at *3 (E.D. Pa. Nov. 22, 2005)). See, e.g., Pegasus Blue Star Fund, LLC v. Canton Prods., Inc., 08-1533, 2009 WL 331413, at *8 (D.N.J. Feb. 10, 2009) (adopting

---

[3] This is also true of the Fourth Circuit's approach – referred to as the "intermediate rule" – whereby "individual defendants have thirty days from the time they are served with process or with a complaint to join in an otherwise valid removal petition." McKinney v. Bd. of Trustees, 955 F.2d 924, 928 (4th Cir. 1992).

later-served defendant rule); DiLoreto v. Costigan, Nos. 08-989, 08-990, 2008 WL 4072813, at *2 (E.D. Pa. Aug. 29, 2008); Cmiech v. Electrolux Home Prods., Inc., 520 F. Supp. 2d 671, 677 (M.D. Pa. 2007) (same); Nittoli v. Morris County Bd. of Chosen Freeholders, No. 05-4007, 2006 WL 1307694, at *2 (D.N.J. May 9, 2006) (same); Orlick v. J.D. Carton & Sons, Inc., 144 F. Supp. 2d 337, 343 (D.N.J. 2001) (same).

Although Plaintiffs insist that the grounds for difference of opinion are substantial, they cite only two cases where district courts have applied the first-served defendant rule. One such case, Greensmith Co., Inc. v. Com Sys. Inc., 796 F. Supp. 812, 814 (D.N.J. 1992), was decided before Murphy Brothers, and thus does little to inform the Court's analysis of the law's present state. The other, Cellport Sys., Inc. v. Peiker Acustic GMBH, 335 F. Supp. 2d 1131 (D. Colo. 2004), is an out-of-circuit decision that relies on reasoning expressly rejected by the Court's October Opinion. Thus, neither decision convinces the Court that the room for disagreement left by Murphy Brothers, Marano, Brierly, Bailey, and the numerous district court decisions rendered by courts in this circuit after Murphy Brothers is substantial enough to override the judicial system's interest in avoiding piecemeal litigation. Because Plaintiffs have failed to convince the Court that the Section 1292(b) factors are satisfied in this case, the Court shall deny Plaintiffs' motion for certification.

## IV. CONCLUSION

For the foregoing reasons, the Court shall deny Plaintiffs' motion for reconsideration, and in the alternative, for interlocutory certification. An accompanying Order shall issue today.

Dated: 1-14-2010

/s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge