NOT FOR PUBLICATION                                                                                      (Docket No. 14)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| NICOLE M. DELALLA, et al., | : |
| Plaintiffs, | : Civil No. 09-2340 (RBK/JS) |
| v. | : **OPINION** |
| HANOVER INSURANCE, et al., | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

Presently before the Court is a motion by Defendants Connor Weber & Oberlies ("CWO") and Joseph Oberlies (collectively, the "CWO Defendants") to transfer this case to the United States District Court for the Eastern District of Pennsylvania (the "Motion to Transfer"). For the reasons set forth below, the Court will grant the Motion to Transfer.

**I.     BACKGROUND**

On April 23, 2004, Product Partners, LLC ("Product Partners"), a California limited liability company, brought suit against NMD Marketing, Inc. ("NMD") and Nicole M. DeLalla (collectively, the "Plaintiffs") in the Eastern District of Pennsylvania for trademark infringement, unfair competition, and unjust enrichment. Compl., Prod. Partners, LLC v. NMD Mktg., Inc., Civ. No. 04-1775 (E.D. Pa. Apr. 23, 2004). Plaintiffs' insurance provider, Hanover Insurance ("Hanover") appointed Mr. Oberlies, an attorney at CWO, to represent Plaintiffs in the Product

Partners case. Pls.' Am. Mem. Law in Opp'n 2.

The case was assigned to the Honorable John R. Padova, who conducted scheduling and settlement conferences on September 28, 2004 and October 25, 2004, respectively. At the October 25 settlement conference, Judge Padova referred the case to the Honorable Lowell A. Reed, Jr. for mediation. Judge Reed conducted three mediation sessions, which ultimately resulted in a settlement between Product Partners and Plaintiffs. Defs.' Br. 5-8. After consideration of the settlement agreement, Judge Padova issued an order dismissing the case on February 11, 2005.

On March 30, 2009, Plaintiffs brought suit against Hanover and the CWO Defendants in the Superior Court of New Jersey, Camden County, alleging bad faith and breach of contract by Hanover and negligence and breach of contract by the CWO Defendants. Notice of Removal ¶ 4. Plaintiffs assert, essentially, that Hanover and the CWO Defendants pressured Plaintiffs to settle the case, causing the destruction of Plaintiffs' business, without having properly evaluated the merits of Product Partners' suit. Pls.' Am. Mem. Law in Opp'n 2-6.

The CWO Defendants removed the action to this Court, with Hanover's consent, on May 15, 2009. Plaintiffs filed a motion to remand on May 22, 2009, which was denied on October 16, 2009. On June 8, 2009, while the motion to remand was pending, the CWO Defendants filed their Motion to Transfer. Plaintiffs timely responded and opposed the Motion to Transfer on July 29, 2009. With the CWO Defendants having replied on August 21, 2009, the Motion to Transfer is now ripe for review.

## II.     DISCUSSION

The CWO Defendants argue that transfer of this matter to the Eastern District of

Pennsylvania is appropriate under 28 U.S.C. § 1404(a). Defs.' Br. 9-13. Plaintiffs argue that transfer is inappropriate because the case has a legal connection to the chosen forum. Pls.' Am. Mem. Law in Opp'n 6-7. Plaintiffs believe that deference to their forum choice should end the inquiry. Pls.' Am. Mem. Law in Opp'n 7. The Court agrees with the CWO Defendants and finds that transfer is proper under 28 U.S.C. § 1404(a).

District courts have the power to transfer a civil action to another district, in which venue would be proper, when the transfer is both for the convenience of the parties and in the interest of justice. 28 U.S.C. § 1404(a) (2006). The burden of showing that the court should grant a transfer rests on the defendant. Jumara v. State Farm Ins. Co., 55 F.3d 873, 880 (3d Cir. 1995).

Under § 1404(a), courts balance several private and public factors to determine if transfer is proper. Jumara, 55 F.3d at 879-80. The private factors a court should consider in this analysis include: (1) the parties' preferences; (2) whether the claim arose elsewhere; (3) the convenience of the parties; (4) the convenience of the witnesses, but only to the extent that witnesses may actually be unavailable for trial in one of the fora; and (5) the location of books and records, but only to the extent that files could not be produced in the alternative forum. Id. at 879. The public factors a court should consider include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with any applicable state law. Id. at 879-80.

### A.     Private factors

The private factors weigh in favor of transfer. The Court notes that a plaintiff's forum

choice generally is entitled to deference. Jumara, 55 F.3d at 880. However, courts give substantially less weight to a plaintiff's forum choice when the dispute central to a lawsuit arose from events that occurred almost exclusively in another state. See, e.g., NCR Credit Corp. v. Ye Seekers Horizon, Inc., 17 F. Supp. 2d 317, 321 (D.N.J. 1998) ("[W]hen the central facts of a lawsuit occur outside of the chosen forum, plaintiff's choice of forum is accorded less weight."); Ricoh Co., Ltd. v. Honeywell, Inc., 817 F. Supp. 473, 481-82 (D.N.J. 1993) (citing several cases for same).

The central facts of this case arose in the Eastern District of Pennsylvania. This is a malpractice suit arising from representation provided in the Eastern District of Pennsylvania. The underlying litigation was in the Eastern District of Pennsylvania. Plaintiffs and the CWO Defendants held all but one of the meetings related to this case in the Eastern District of Pennsylvania.[1] A large portion of the alleged malpractice happened at mediation sessions, all of which were in the Eastern District of Pennsylvania. More of the alleged malpractice happened at scheduling and settlement conferences, all of which were in the Eastern District of Pennsylvania. In fact, virtually all of the representation furnished by the CWO Defendants took place in the Eastern District of Pennsylvania. Thus, although the Court will consider Plaintiffs' forum choice, it will give it substantially less weight than if the central facts of the case arose here in the District of New Jersey. Moreover, the Court finds that the location where the claim arose weighs heavily in the CWO Defendants' favor.

The convenience of the parties and witnesses are neutral factors. The Court

---

[1] One meeting between Plaintiffs and the CWO Defendants was held at Plaintiffs' place of business in New Jersey. Defs.' Br. 4. This meeting occurred prior to the alleged malpractice in this case and thus cannot be considered a fact central to this lawsuit.

4

acknowledges that Plaintiffs are citizens of New Jersey while the CWO Defendants are citizens of Pennsylvania; this would appear to weigh in favor of Plaintiffs. However, the courthouse for the Eastern District of Pennsylvania is a ten-minute drive, or one stop on the Port Authority Transit Corporation subway line, from the courthouse for the District of New Jersey in Camden. In fact, the two courthouses are less than a mile apart. The Court notes further that from NMD's office, which is located in Westwood, New Jersey, the courthouse for the Eastern District of Pennsylvania is actually five miles closer than the courthouse for the District of New Jersey. None of the parties have asserted that any witness or records would be unavailable in either forum.

Overall, only Plaintiffs' forum choice weighs against transfer, and only lightly so. On the other hand, the location of the events central to this case weighs heavily in favor of transfer. The remaining private factors are neutral. Thus, the private factors weigh in favor of transfer.

      B.      **Public factors**

The public factors also weigh in favor of transfer. Several local interests weigh in favor of transfer. The Eastern District of Pennsylvania explicitly retained jurisdiction over all suits arising from the settlement of the original dispute. R. 41 Dismissal, Product Partners, LLC v. NMD Marketing, Inc., Civ. No. 04-1775 (E.D. Pa. Feb. 11, 2005). Although the Court recognizes that the instant case technically does not arise directly from the settlement of the underlying case, this retention of jurisdiction is one example of the Pennsylvania interests in deciding the controversy currently before the Court. Similarly, Pennsylvania has an interest in regulating Pennsylvania attorneys. New Jersey does not share this interest because Mr. Oberlies is not licensed to practice law in New Jersey. Pennsylvania also has an interest in having its own

5

courts, and juries comprised of Pennsylvania citizens, decide malpractice cases involving Pennsylvania attorneys practicing in Pennsylvania and employed by businesses organized as professional corporations under Pennsylvania law.  Pennsylvania likewise has an interest in having Pennsylvania courts and juries decide the claims of unfair competition and unjust enrichment, brought under Pennsylvania law in the original litigation, which must be decided in the "trial-within-a-trial" necessary for the resolution of this malpractice suit.[2]

      The relative administrative difficulty weighs slightly in favor of transfer.  Both courts are busy, and no party has presented any evidence that suggests that either forum is so backlogged as to preclude fair adjudication of this matter.  That said, a number of potential witnesses in this case are judges and court staff who work in the Eastern District of Pennsylvania.  Absent some compelling reason, it would be a waste of judicial resources to require these witnesses to take time away from their caseloads and travel to the District of New Jersey, considering that the trial could be held in the same building in which they work.

      The practical considerations weigh slightly in favor transfer.  Although Plaintiffs are residents and citizens of New Jersey, the marginal cost of traveling to the courthouse for the Eastern District of Pennsylvania from the courthouse for the District of New Jersey is only a few minutes.  On the other hand, the CWO Defendants and nearly all the potential witnesses in this case are located in the Eastern District of Pennsylvania.  While the marginal cost, for any individual, of the journey between the two courthouses is slight, the aggregate of these costs, for

---

[2] The Pennsylvania trial judge's familiarity with applicable Pennsylvania law also weighs in favor of transfer.  As noted above, malpractice cases require a "trial-within-a-trial" to evaluate the claims in the underlying case to determine whether any alleged malpractice caused any harm.  Here, two of the claims in the underlying case were Pennsylvania state law claims.

everybody involved, would be greater if the case were to remain in the District of New Jersey.

Overall, the local interests, trial judge's familiarity with applicable state law, relative administrative difficulty, and practical considerations weigh in favor of transfer. The remaining public factors are neutral. Thus, the public factors weigh in favor of transfer. Because the Court also finds that the private factors weigh in favor of transfer, transfer of this matter to the Eastern District of Pennsylvania is proper under 28 U.S.C. § 1404(a), and the CWO Defendants' Motion to Transfer is granted.

### III.     CONCLUSION

For the foregoing reasons, the CWO Defendants' Motion to Transfer is granted.


Dated:    2/24/2010                                                  /s/ Robert B. Kugler
                                                                     ROBERT B. KUGLER
                                                                     United States District Judge