NOT FOR PUBLICATION (Docket No. 52)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
NICOLE M. DELALLA, et al., :
 :
        Plaintiffs, : Civil No. 09-2340 (RBK/JS)
 :
        v. : **OPINION**
 :
HANOVER INSURANCE, et al., :
 :
        Defendants. :
_____ :

**KUGLER**, United States District Judge:

    Presently before the Court is a motion by Plaintiffs NMD Marketing, Inc. ("NMD") and Nicole M. DeLalla seeking reconsideration of this Court's February 24, 2010 Opinion and Order transferring this case to the United States District Court for the Eastern District of Pennsylvania (Docket Nos. 50 & 51). In the alternative, Plaintiffs move for certification of the February 24, 2010 Order for interlocutory appeal. For the reasons that follow, the Court will deny both motions.

**I.    BACKGROUND**[1]

    DeLalla is a New Jersey resident and the sole shareholder of NMD, a New Jersey corporation with its principal place of business in New Jersey. By virtue of having conducted business in the commonwealth of Pennsylvania, Plaintiffs were sued in the Eastern District of

---

[1] This Court has discussed the relevant factual details of this case in three prior Opinions (Docket Nos. 28, 48 & 50). For that reason, the Court will discuss the facts of the case only briefly in this Opinion.

Pennsylvania for alleged violations of federal and Pennsylvania state law.  Plaintiffs' insurance provider, Hanover Insurance ("Hanover"), appointed a Pennsylvania attorney, Joseph Oberlies, and his firm Connor Weber & Oberlies ("CWO" and, collectively, the "CWO Defendants") to defend the suit.  Virtually all of the CWO Defendants' representation of Plaintiffs occurred in Pennsylvania.  See generally DeLalla v. Hanover Ins., No. 09-cv-2340-RBK-JS, 2010 WL 715503, at *2 & n.1 (D.N.J. Feb. 24, 2010)).  Naturally, because the case was filed and litigated in the Eastern District of Pennsylvania, all of the formal proceedings were held there as well.

Plaintiffs ultimately were unsatisfied with the representation provided by Hanover and the CWO Defendants.  On March 30, 2009, Plaintiffs brought suit against Hanover and the CWO Defendants in the Superior Court of New Jersey, alleging breach of contract and malpractice.  The CWO Defendants, with Hanover's consent, removed the case to the United States District Court for the District of New Jersey and subsequently moved this Court to transfer the case to the Eastern District of Pennsylvania.  On February 24, 2010, having fully considered the parties' submissions, the Court granted the CWO Defendants' motion and transferred the case to the Eastern District of Pennsylvania.

On March 10, 2010, Plaintiffs filed the instant motion for reconsideration or, in the alternative, for certification for interlocutory appeal.  The CWO Defendants timely opposed on March 22, 2010.  Plaintiffs did not file a reply brief.  The matter is now ripe for review.

**II.    STANDARD**

In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration. Church & Dwight Co. v. Abbott Labs., 545 F. Supp. 2d 447, 449 (D.N.J. 2008).  This rule "permits a party to seek reconsideration by the Court of matters 'which [it] believes the Court has

overlooked' when it ruled on a motion." <u>NL Indus., Inc. v. Commercial Union Ins. Co.</u>, 935 F. Supp. 513, 515 (D.N.J. 1996) (quoting local rule); <u>see also</u> <u>United States v. Compaction Sys. Corp.</u>, 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (noting that party seeking reconsideration must show "that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision"). "The standard of review involved in a motion for [reconsideration] is quite high, and therefore relief under this rule is granted very sparingly." <u>United States v. Jones</u>, 158 F.R.D. 309, 314 (D.N.J. 1994) (citing <u>Maldonado v. Lucca</u>, 636 F. Supp. 621, 630 (D.N.J. 1986)).

In order to prevail, the party moving for reconsideration must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." <u>Max's Seafood Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999). Local Civil Rule 7.1(i) does not allow parties to restate arguments that the Court already has considered. See <u>G-69 v. Degnan</u>, 748 F. Supp. 274, 275 (D.N.J. 1990). "A motion that merely raises a disagreement with the Court's initial decision is not an appropriate reconsideration motion, but should be dealt with in the normal appellate process." <u>Church & Dwight Co.</u>, 545 F. Supp. 2d at 450 (citing <u>Bowers v. Nat'l Collegiate Athletic Ass'n</u>, 130 F. Supp. 2d 610, 612 (D.N.J. 2001)).

### III.   DISCUSSION

#### A.   Motion to Reconsider

Plaintiffs assert neither an intervening change in law, the availability of new evidence, nor a clear error of fact or law that must be corrected to avoid injustice. Instead they repeat, <u>ad</u>

nauseum, several factual assertions from their initial opposition to the CWO Defendants' motion to transfer, which they believe the Court overlooked in the first instance. (Pls.' Mem. Law Supp. Mot. Recons. and/or Cert. Interlocutory Appeal 2-5.) Plaintiffs reiterate that: (1) NMD's principal place of business was in New Jersey; (2) the insurance contract between Plaintiffs and Hanover was entered into in New Jersey; (3) one preliminary meeting between Plaintiffs and the CWO Defendants took place in New Jersey; and (4) Hanover did not affirmatively seek a transfer of venue. (Id. at 2-5.) Plaintiffs assert that these facts are outcome-determinative, essentially arguing that transfer was improper merely because the initial relationships between the parties arose in New Jersey, but they provide absolutely no support for this argument. (See id.)

Plaintiffs' arguments are insufficient to justify reconsideration because the Court already has considered them and found them unpersuasive. Although the initial relationships between the parties arose in New Jersey, virtually every other significant fact and occurrence in this case–the underlying lawsuit, the representation provided by the CWO Defendants, the alleged malpractice, the alleged breach of contract, and the litigation and alternative dispute resolution proceedings themselves–occurred in Pennsylvania. See DeLalla, 2010 WL 715503, at *2-3 & n.1. Moreover, several other factors weighed in favor of transfer. See DeLalla, 2010 WL 715503, at *3-4.

In their opposition to the motion to transfer, Plaintiffs suggested that "[t]he [C]ourt should consider 'all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" Pls.'Am. Mem. Law Opp'n Mot. Change Venue 7 (citing Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995)). The Court did exactly that, and was well within its

discretion to conclude that the interests of justice, convenience, and judicial economy would be better served by transferring the case to the Eastern District of Pennsylvania. See Liggett Group Inc. v. R.J. Reynolds Tobacco Co., 102 F. Supp. 2d 518, 528 (D.N.J. 2000) ("Transfer analysis under Section 1404(a) is a flexible and individualized analysis and must be made on the unique facts presented in each case.").

It is clear that Plaintiffs continue to disagree strongly with the determination set forth in the Court's February 24, 2010 Opinion.  That being said, Plaintiffs fail to point to any intervening change in the law since the Opinion was issued or any new evidence that was unavailable when the matter was decided.  Moreover, Plaintiffs fail to explain how the Court's decision not to give dispositive treatment to certain facts constitutes a clear error or creates a manifest injustice.  Plaintiffs merely seek a second bite at the proverbial apple–a chance to re-hash arguments already rejected by the Court because they disagree with the Court's application of the very same flexible and individualized legal standard advocated by Plaintiffs in their own brief in opposition to the motion to transfer.[2]  As noted, such argumentation does not justify reconsideration by the district court.  See Church & Dwight Co., 545 F. Supp. 2d at 450.  Accordingly, the Court will deny Plaintiffs' motion for reconsideration.

### B.     Motion to Certify

In the alternative, Plaintiffs ask the Court to certify its February 24, 2010 Order for interlocutory appeal.  A litigant may apply for interlocutory review of an otherwise

---

[2] Compare Pls.'Am. Mem. Law Opp'n Mot. Change Venue 7 ("The [C]ourt should consider 'all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.") (quoting Jumara, 55 F.3d at 879), with DeLalla, 2010 WL 715503, at *2-4 (discussing nearly a dozen factors to determine same) (citing Jumara, 55 F.3d at 879-80).

non-appealable district court order by petitioning the district court to certify its order to the appropriate appellate court pursuant to 28 U.S.C. § 1292(b).[3]  To obtain certification, a movant must show that there is "a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation . . . ."  28 U.S.C. § 1292(b); Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974).  Interlocutory appeal is meant to be used sparingly and only in exceptional cases where the interests cutting in favor of immediate appeal overcome the presumption against piecemeal litigation.  S.E.C. v. Lucent Techs., Inc., No. 04-2315, 2009 WL 4508583, at *8 (D.N.J. Nov. 16, 2009); Hulmes v. Honda Motor Co., 936 F. Supp. 195, 208 (D.N.J. 1996) (citing 16 Charles A. Wright, et al., Federal Practice and Procedure § 3929, at 134 (1977)).  Merely questioning a court's ruling is insufficient.  Kapossy v. McGraw-Hill, Inc., 942 F. Supp. 996, 1001 (D.N.J. 1996).  The district court may exercise considerable discretion in determining whether a particular order is appropriate for interlocutory review.  See Bachowski v. Usery, 545 F.2d 363, 368 (3d Cir. 1976); Katz, 496 F.2d at 754.

   Certification is inappropriate because Plaintiffs have not made any of the required showings.  First, the Court is not convinced that this matter involves a controlling question of law.  Plaintiffs argue that the Court's decision to transfer the case could be reversed on appeal and thus involves a controlling question of law, but they do not explain how or why.  (Pls.' Mem. Law Supp. Mot. Recons. and/or Cert. Interlocutory Appeal 5-6.)  Generally there is no risk of

---

[3] If the district court certifies its order for interlocutory review, the litigant must apply for appellate review within ten days of the order's issuance.  28 U.S.C. § 1292(b).  The court of appeals then has largely unfettered discretion to hear the appeal.  See Katz v. Carte Blanche Corp., 496 F.2d 747, 754 (3d Cir. 1974) (observing that appellate court's discretion to grant leave to appeal may be as broad as that of Supreme Court on certiorari).

reversal when a case is transferred to another district that also has jurisdiction over the matter and, in such cases, transfers of venue thus rarely involve a controlling question of law.  See Katz, 496 F.2d at 755-56 ("If there are two districts, either of which would have jurisdiction, but one of which is in the opinion of the district court superior, it is extremely unlikely that a change of venue would result in a reversal after final judgment.").  Plaintiffs do not assert any reason to find otherwise in this case.

      Second, even if the Court's decision to transfer the case did involve a controlling question of law, there exists no substantial ground for difference of opinion as to that question of law. Plaintiffs attempt to characterize this second element as a difference of opinion "about the resolution of the issue," and point to the fact that Plaintiffs and the CWO Defendants do not agree about whether the case should have been transferred.  (Pls.' Mem. Law Supp. Mot. Recons. and/or Certificate Interlocutory Appeal 6.)  Unfortunately for Plaintiffs, disagreement about the propriety of a court's decision is not the type of difference of opinion contemplated by the statute, nor is it a substantial ground for such; there must be "genuine doubt as to the correct legal standard."  Kapossy, 942 F. Supp. at 1001.  Plaintiffs do not dispute the legal standard applied by the Court in deciding the motion to transfer;[4] instead, they argue only that the Court did not afford sufficient significance to certain facts.  Inasmuch as they fail to dispute the legal standard itself and instead challenge only the Court's reasoning in applying a flexible and individualized balancing test, Plaintiffs concede that there exists no substantial ground for any difference of opinion as to the legal standard.

---

[4] Indeed, Plaintiffs cannot dispute the legal standard applied by the Court in deciding the motion to transfer because, as discussed above, it is the same standard they advocated in their own brief in opposition to the motion to transfer.

Third, an intermediate appeal would not advance the ultimate termination of this litigation. To the contrary, an intermediate appeal would halt the advancement of this litigation, delaying the determination of the underlying issues and wasting the valuable time and resources of all involved.

Because Plaintiffs have failed to satisfy the Section 1292(b) factors, the Court will deny Plaintiffs' motion for certification.

## IV.     CONCLUSION

For the foregoing reasons, the Court will deny Plaintiffs' motion for reconsideration, and in the alternative, for interlocutory certification. An accompanying Order shall issue today.


Dated:   9/30/2010                                             /s/ Robert B. Kugler
                                                              ROBERT B. KUGLER
                                                              United States District Judge